# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM MARK BONNEY, | ) |
| | ) |
| Plaintiff, | ) No. CIV-15-21-FHS |
| | ) Bankr. No. 10-80750-TRC |
| v. | ) Adv. No. 14-08017-TRC |
| | ) |
| VANGUARD FIDUCIARY TRUST COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPINION AND ORDER**

    Before the Court for its consideration is the Motion to Withdraw Reference (Doc. No. 4) filed by Defendant, Vanguard Fiduciary Trust Company ("Vanguard"). Vanguard requests this Court withdraw the reference of the underlying adversary proceeding from the United States Bankruptcy Court for the Eastern District of Oklahoma pursuant to Fed.R.Bankr.P. 5011, Local Rule 84.1, and LBR 5011-1 of the United States Bankruptcy Court for the Eastern District of Oklahoma. Vanguard contends the withdrawal of the reference is appropriate because (1) the Adversary Proceeding is a proceeding that is otherwise related to the underlying case pending under Title 11, not a core proceeding, (2) it has made a demand for a jury trial, and is entitled to a jury trial, in connection with such claims, and (3) alternatively, Vanguard moves to withdraw the reference on the grounds that the Bankruptcy Court lacks constitutional authority to enter a final judgment against Vanguard for the relief sought. In response, the Trustee agrees the withdrawal of the reference is appropriate, but he asks that the Bankruptcy Court be

1

allowed to retain jurisdiction of the case until it is "trial ready" so as to allow the Bankruptcy Court to supervise discovery, conduct pre-trial hearings, and rule on motions. The Court concludes Vanguard's Motion to Withdraw Reference should be granted.

On January 13, 2015, the Bankruptcy Court issued an order pursuant to 28 U.S.C. § 157(b)(3) regarding its jurisdiction. See Local Rule 84.1(b)(4)("Within a time period reasonable under the circumstances of the matter, the bankruptcy judge shall enter an order pursuant to 28 U.S.C. § 157(b)(3) determining whether the proceeding is a core proceeding or a proceeding that is otherwise related to a case under Title 11 and forward the order to the district court together with a copy of the record of the proceeding for which withdrawal is sought."). The Bankruptcy Court determined that the district court should grant Vanguard's motion to withdraw the reference immediately. The court found that pursuant to 28 U.S.C. Sec. 157 (d) whether this case is a core or non-core proceeding does not appear to be determinative where resolution of the case will involve other laws of the United States regulating organization or activities affecting interstate commerce as Vanguard alleges. The court found no reason to retain the case for pretrial matters. The court found that judicial economy will be served if all matters involving this proceeding are conducted in the court that ultimately presides over the jury trial.

The Court agrees with and adopts the findings and conclusions of the Bankruptcy Court in its January 13, 2015, Order. The Court has considered, but rejects, the parties' suggestion that the withdrawal of these claims should be deferred until the case is "trial ready." Consequently, the Court orders

2

the reference withdrawn immediately.

Vanguard's Motion to Withdraw Reference (Doc. No. 4) is therefore granted. The parties are ordered to file a Joint Status Report with the Court by February 20, 2015.

It is so ordered this 30th day of January, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

3